IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE D. GOLDSMITH,              :
    Plaintiff,                        :
                                      :
v.                                :        **CIVIL ACTION NO. 25-CV-7431**
                                      :
TRANSUNION, LLC, *et al.*,        :
    Defendants.                       :

**MEMORANDUM**

**BAYLSON, J.**                                        **MARCH   20, 2026**

Plaintiff Andre D. Goldsmith initiated this civil action by filing a *pro se* Complaint against TransUnion, LLC ("TransUnion").[1]  Goldsmith's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").[2]  He also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Goldsmith *in forma pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. §

---

[1] Two identical pages preceding the Complaint also list Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Absolute Resolutions Investments, LLC ("ARI") as Defendants.  (Compl. at 1-2.)  However, there are no allegations concerning any of these entities in the Complaint, and, significantly, the Complaint and its attachments identify TransUnion as the only Defendant.  (*Id.* at 3, 5-6.)  Further, Goldsmith has filed separate complaints against each of these entities.  *See Goldsmith v. Absolute Resolutions Investments, LLC*, No. 25-7428; *Goldsmith v. Equifax Information Services, LLC*, No. 25-7429; and *Goldsmith v. Experian Information Solutions, Inc.*, No. 25-7430.  For these reasons, Experian, Equifax, and ARI will be dismissed without prejudice as Defendants in this case.

[2] Goldsmith also asserts in conclusory fashion that he brings this action against TransUnion for violations of the Fair Debt Collection Practices Act ("FDCPA"), to the extent the FDCPA is "applicable."  (Compl. at 3.)  The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors."  *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (citation omitted).  Because it is well-settled that a credit reporting agency such as TransUnion is not a "debt collector" under the FDCPA, any FDPCA claims will be dismissed.  *See Witt v. U.S. Dep't of Educ.*, No. 23-562, 2024 WL 889250, at *6 (D. Conn. Jan. 23, 2024) (collecting cases), *report and recommendation adopted*, (D. Conn. Feb. 15, 2024).

1915(e)(2)(B)(ii).  Goldsmith will be given an opportunity to file an amended complaint in the event he can cure the deficiencies identified by the Court.

## I.    FACTUAL ALLEGATIONS[3]

Goldsmith's allegations are extremely brief.  He alleges that he is a consumer, and that TransUnion is "a company engaged in activities regulated by the FCRA."  (Compl. at 3.) Goldsmith claims that he "discovered inaccurate, incomplete, or misleading credit reporting on his consumer file."  (*Id.*)  He allegedly "submitted disputes and notices" including "CFPB complaints."  (*Id.*)  He claims that despite notice, TransUnion "failed to maintain reasonable procedures, failed to conduct lawful reinvestigations, and in some instances deleted positive tradelines without authorization."  (*Id.*)

Goldsmith contends, without explanation, that the following statutes have been violated: 15 U.S.C. § 1681c-2(a) (asserting failure to block identity-theft information); 15 U.S.C. § 1681e(b) (asserting failure to maintain reasonable procedures); 15 U.S.C. § 1681i(a) (asserting failure to conduct reasonable reinvestigation); 15 U.S.C. § 1681g (asserting failure to provide complete and accurate file); 15 U.S.C. § 1681n (willful noncompliance); and 15 U.S.C. § 1681o (negligent noncompliance).  (*Id.* at 3, 6.)  He states in conclusory fashion that he suffered credit score loss, emotional distress, out of pocket costs, and statutory damages.  (*Id.* at 3.)  He seeks monetary damages in an unspecified amount.  (*Id.* at 4.)

## II.    STANDARD OF REVIEW

Because Goldsmith appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

---

[3] The allegations are taken from Goldsmith's Complaint (ECF No. 2).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: "(1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury

was caused by the inclusion of the inaccurate entry." *Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007) (citing 15 U.S.C. § 1681i(a)(1)(A)).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To establish that a consumer reporting agency is liable under this provision for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege a factual basis for concluding that the reported information was inaccurate.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information.").  A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate."  *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021) (citation omitted).

A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect."  *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see*

*also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (footnote omitted) (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Goldsmith has not alleged a plausible claim against TransUnion under the provisions of the FCRA pertaining to consumer reporting agencies. First, Goldsmith has not set forth facts describing what inaccurate information was included in his consumer report, how and why the information was inaccurate, nor alleged any facts about how TransUnion was liable for the inaccuracies. *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how TransUnion should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." (footnote omitted)); *Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2-3 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Cruel v. Experian*, No. 22-5236, 2023 WL 4140828, at *2-3 (E.D. Pa. June 22, 2023) (finding that plaintiff did not state plausible claim by alleging that information was wrong but without providing facts about the accurate information); *Peeples v. Equifax Info. Srvs., LLC*, No. 23-

6

0617, 2023 WL 4374411 at *3 (E.D. Pa. Jul. 6, 2023) (concluding that a claim that credit reports contained inaccurate information with respect to certain stores did not "sufficiently set forth facts describing what inaccurate information [the plaintiff] believe[d] was included . . . nor clearly explained why the information was inaccurate."). As the United States Court of Appeals for the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason why the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Williams*, 2024 WL 3439776 at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect."). Second, Goldsmith has failed to allege plausibly that he disputed any inaccuracy contained in his file with TransUnion. Rather, he alleges only that he "submitted disputes and notices, including . . . CFPB complaints." (Compl. at 3.) This is insufficient to allege that he filed his dispute *with TransUnion*, thus triggering a duty to reinvestigate.

Goldsmith also alleges in conclusory fashion that TransUnion violated 15 U.S.C. § 1681g(a) by "fail[ing] to provide [a] complete and accurate file." (Compl. at 3.) Section 1681g of the FCRA requires consumer reporting agencies, "upon request," to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file." *Cortez*, 617 F.3d at 711; *Doe-1 v. LexisNexis Risk Sols., Inc.*, No. 24-4566, 2025 WL 1334461, at *10 (D.N.J. May 7,

2025). Goldsmith does not allege that he made any request to TransUnion, let alone when such a request was made, nor does he assert what information was missing, incomplete, or inaccurate. Accordingly, Goldsmith fails to sufficiently allege a claim under § 1681g.

Goldsmith's mere citations to various sections of the FCRA and allegations that TransUnion failed to comply with the statutory requirements of § 1681e(b), § 1681i(a), and § 1681g(a), are entirely conclusory and, thus, implausible.[4] To state a plausible claim, Goldsmith must do more than assert "an unadorned, the defendant-unlawfully-harmed-me accusation" in his Complaint. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). Because he has not alleged sufficient facts detailing what his correct information is, what TransUnion purportedly got wrong, and what actions he and TransUnion did or did not take, Goldsmith has failed to state a plausible claim under the FCRA, and his claims against TransUnion must be dismissed.[5]

---

[4] Goldsmith also claims that TransUnion failed to "block identity-theft information" in violation of 15 U.S.C. 1681c-2(a). (Compl. at 6.) While 15 U.S.C. § 1681c-2 pertains to a consumer reporting agency's duty to block the reporting of information resulting from identity theft, Goldsmith neglects to set forth any facts in support of his contention that TransUnion failed in fulfilling such duties. *See* 15 U.S.C. § 1681c-2(a)-(c).

[5] Goldsmith must also have standing to bring an FCRA claim and plead facts in support thereof in the Complaint. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and this "requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). To have standing to bring a claim in federal court, a plaintiff must show, *inter alia*, that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Goldsmith's Complaint pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Goldsmith will be given leave to file an

amended complaint in the event he can state a plausible basis for a claim against TransUnion.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, J.**

---

particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.).

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis.  The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341).  Instead, a plaintiff must allege a concrete injury separate and apart from an injury under the law.  *Id.* (explaining that "an injury in law is not an injury in fact").  The Court differentiated between tangible and intangible injuries.  Where a defendant has caused a tangible harm—*i.e.*, a physical or monetary harm—the plaintiff will have suffered a concrete injury in fact.  *Id.* at 424-25.  Intangible harms may also be concrete, so long as those injuries bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425.

Goldsmith's claim in his Complaint that he was damaged is also conclusory.  If he opts to file an amended complaint, Goldsmith must allege facts demonstrating he has standing to bring an FCRA claim.  To satisfy the standing requirement, Goldsmith must sufficiently tie alleged injuries – credit score loss, emotional distress, out of pocket costs, and statutory damages – to the conduct of TransUnion, because a bare procedural violation, even if he alleges one, does not provide him standing for the relief he seeks.

9