IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE D. GOLDSMITH,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-7431 |
| | : | |
| TRANSUNION, LLC,<br>    Defendant. | : | |
| | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                 **JUNE    9, 2026**

In a prior Memorandum and Order filed March 20, 2026 (ECF Nos. 7, 8), the Court

dismissed the Complaint filed by Andre D. Goldsmith because it failed to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 7 at 1-2.)  Goldsmith was granted leave to proceed *in*

*forma pauperis* and leave to file an amended complaint to cure the deficiencies identified by the

Court with respect to his claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x

("FCRA").  He has since filed an Amended Complaint (ECF No. 9 ("Am. Compl.")), along with

more than 500 pages of Exhibits (ECF No. 9-1).  For the following reasons, the Amended

Complaint will be dismissed for failure to state plausible claims.

**I.        FACTUAL ALLEGATIONS**[1]

Goldsmith's allegations are again brief.  He asserts that this case arises under the FCRA

and alleges that he is a consumer and TransUnion is a consumer reporting agency.  (Am. Compl.

at 1.)  Under a heading titled "Factual Allegations," Goldsmith lists thirty generalized failures

and/or errors in the form of sentence fragments without further detail or explanation.  (*Id.* at 1,

---

[1] The factual allegations set forth in this Memorandum are taken from Goldsmith's Amended
Complaint.  (ECF No. 9.)  The Court adopts the sequential pagination assigned to the Amended
Complaint by the CM/ECF docketing system.

3.)  He alleges failure to maintain maximum possible accuracy, failure to conduct reasonable reinvestigation, failure to delete unverifiable information, failure to block identity theft information, failure to properly review disputes, use of automated verification systems, failure to provide method of verification, re-reporting previously deleted accounts, inconsistent account balances, inaccurate account status reporting, failure to correct errors after notice, failure to respond to CFPB complaints properly, improper charge-off reporting, failure to remove inaccurate accounts, failure to verify disputed accounts, suppression of positive accounts, reporting incomplete information, misleading account descriptions, failure to follow reasonable procedures, negligent investigation practices, willful noncompliance with FCRA, failure to ensure data integrity, failure to update account status, failure to properly validate information, failure to ensure accuracy after dispute, continued reporting after dispute, failure to investigate identity theft claims, improper verification responses, failure to correct reporting timelines, and failure to comply with federal law.  (*Id.*)  Goldsmith then directs the Court to "[s]ee Exhibits A-F."  (*Id.* at 4.)  The exhibits total 540 pages and include highlighted credit reports, credit card statements, dispute letters, CFPB complaints, and investigation results.  (*See* ECF No. 9-1.)

Goldsmith contends, again without explanation, that the following statutes have been violated: 15 U.S.C. §§ 1681c-2, 1681e(b), 1681i(a), 1681n, and 1681o.  (Am. Compl. at 4.)  He states in conclusory fashion that he suffered "credit damage, emotional distress, and financial harm."  (*Id.*)  He seeks monetary damages in an unspecified amount. (*Id.*)

## II.      STANDARD OF REVIEW

Because the Court granted Goldsmith leave to proceed *in forma pauperis*, the Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under §

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint "contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Because Goldsmith is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F. 3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F. 3d at 245).

An amended complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting

Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'")).

The United States Court of Appeals for the Third Circuit explained that in determining whether a

pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally

construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in

regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still

satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous

information" and "even if it does not include every name, date, and location of the incidents at

issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's

language . . . presents cognizable legal claims to which a defendant can respond on the merits."

*Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably

be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No.

25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("'Fundamentally, Rule 8 requires that

a complaint provide fair notice of what the claim is and the grounds upon which it rests.'")

(quoting *Garrett*, 938 F.3d at 92)).  In other words, a complaint must contain sufficient clarity

"to avoid requiring a district court or opposing party to forever sift through its pages in search of

the nature of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL

8271966, at *1 (3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1) (internal quotations and

citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d

Cir. 1988)).

4

### III.   DISCUSSION

Goldsmith's Amended Complaint fails to allege any plausible FCRA claims.  As stated above, the Court's March 20, 2026 Memorandum and Order provided Goldsmith an opportunity to cure the pleading deficiencies with respect to his FRCA claims by filing an amended complaint.  (ECF Nos. 7-8.)  The Court's Memorandum supplied Goldsmith with the pleading requirements that he was required to set forth to state claims for relief under 15 U.S.C. §§ 1681e(b), 1681i(a), 1681g(a), and 1681c-2(a).  (ECF No. 7 at 4-8.)  Goldsmith was further instructed that to set forth a plausible claim, he must do more than assert "an unadorned, the defendant-unlawfully-harmed-me accusation" in his pleading.  (ECF No. 7 at 8 (citing *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims)).  Goldsmith was also told that he must have standing to bring an FCRA claim and if he opted to file an amended complaint, he was required to sufficiently tie his alleged injuries to the conduct of TransUnion.  (ECF No. 7 at 8-9 n.5.)

Goldsmith's Amended Complaint does not cure his previous pleading deficiencies. Despite being provided with instruction on the elements required to successfully plead claims arising under the FCRA, he again asserts in conclusory fashion numerous failures and/or errors without providing any factual detail.  Again, Goldsmith has not set forth facts describing how and why any information included in his consumer report was inaccurate, nor alleged any facts

about how TransUnion was liable for the inaccuracies. *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." (footnote omitted)).  As the United States Court of Appeals for the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason why the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Williams*, 2024 WL 3439776 at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.'").

Goldsmith's mere citations to various sections of the FCRA and allegations that TransUnion failed to comply with the statutory requirements of § 1681e(b), § 1681i(a), and § 1681c-2, combined with entirely conclusory sentence fragments, are insufficient to state a plausible claim.  Goldsmith attaches more than 500 pages of exhibits, directing the Court to refer to the voluminous materials "as support[]" of TransUnion's alleged wrongdoing.  (Am. Compl. at 4.)  However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants.  *See Est. of Egenious Coles v.*

*Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "Judges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks and citation omitted).

Because Goldsmith's Amended Complaint lacks short and plain statements explaining the basis for his claims, it does not comply with Rule 8 and will be dismissed. Having already provided Goldsmith with the opportunity to file an amended complaint to clearly set out the factual bases of any claims he wanted to present, the dismissal will be with prejudice. *See Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *2 (3d Cir. Oct. 8, 2025) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*))); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper."). An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

BY THE COURT:

/s/ Michael M. Baylson

MICHAEL M. BAYLSON, J.